# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

| | |
|---|---|
| OTIS D. YELVERTON,<br>    Plaintiff,<br><br>vs.<br><br>THE UNIVERSITY ATHLETIC ASSOCIATION, a Florida Not For Profit Corporation,<br><br>    Defendant. | Case No. 1:20-cv-274<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Plaintiff, Otis D. Yelverton, by and through undersigned counsel, sues the defendant, the University Athletic Association, a Florida not-for-profit corporation, for employment discrimination and alleges:

### PARTIES

1. Plaintiff, Otis D. Yelverton, ("Yelverton") is a Black male citizen of the United States, who, at all relevant times, was employed, as the Assistant Director of Player Personnel, by the Defendant, the University Athletic Association ("UAA").

2. The Defendant UAA is a Florida not-for-profit corporation with 15 or

more employees, whose principle address is 121 Gale Lemerand Dr., Ben Hill Griffin Stadium, Gainesville, FL 32611 (i.e., the UAA is located within the football stadium on the University of Florida campus), whose purpose, pursuant to Article II of its Amended and Restated Articles of Incorporation is: "This Corporation is organized and shall be operated exclusively to receive, hold, invest and administer property and to make expenditure to or for the benefit of the University of Florida. More specifically, the purpose of this Corporation shall be to promote education and science and to encourage, stimulate and promote the health and physical welfare of the students of the University of Florida and the youth of the State of Florida by teaching, practicing and applying the most approved scientific methods and principles conducive to that end, **and by encouraging, conducting and maintaining all kinds of amateur athletics, games, contests, meets, exhibits and field sports at the University of Florida**, and at other places in the State of Florida, and in such other places in the United States and foreign countries as it may be lawful to conduct the aforesaid activities."

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter involves a federal question based upon Title VII of the Civil

Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

4. The Gainesville Division of the Northern District of Florida is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division in which the Defendant resides and in which a substantial part of the events or omissions giving rise to plaintiff Yelverton's claims occurred.

## PROCEDURAL PREREQUISITES

5. On March 19, 2020, plaintiff Yelverton filed a Charge of Discrimination against Defendant UAA with the Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff Yelverton received a Right to Sue Letter dated September 3, 2020 on September 18, 2020, and fewer than ninety days have elapsed since either September 3, 2020, or the September 18, 2020 date when plaintiff received the Right To Sue letter.

## FACTS

7. Plaintiff Yelverton was hired by the Defendant UAA on January 3, 2018 to serve as the Assistant Director of Player Personnel.

8. During his employment at the Defendant UAA, Plaintiff Yelverton

was subjected to harsher disciplinary measures than comparable White employees.

9. During his employment at the Defendant UAA, Plaintiff Yelverton was denied promotional opportunities despite his education, training, and experience.

10. In 2018, when Plaintiff Yelverton was serving as Assistant Director of Player Personnel, the Defendant UAA failed to pay Plaintiff at the same rate as it previously paid White men who previously held the position.

11. In 2018, when the Director of Player Personnel position became open, Plaintiff Yelverton, the Assistant Director of Player Personnel applied for the position, the Defendant UAA passed over Plaintiff and hired Chuck Cantor, a White man, for the position.

12. When the Director of Player Personnel position became vacant in 2019, Plaintiff Yelverton served as the Acting Director of Player Personnel between February and March of 2019. Subsequently, the UAA again failed to promote Plaintiff, and hired Charlie Skalaski, a less qualified White man, for the Director's position.

13. At all relevant times the Defendant UAA knew that Plaintiff Yelverton was highly qualified and should have been promoted, but failed to do so because Plaintiff is Black.

14. At all relevant times Plaintiff Yelverton stayed at the UAA because he believed that the UAA would increase his salary to equal the salary of White coaching personnel.

15. In 2019, approximately a month after Plaintiff was passed over for promotion for the second time, Plaintiff was discharged for reasons unrelated to job performance when he was falsely accused of criminal behavior by a colleague.

16. Although the colleague's allegations were unsubstantiated and the State Attorney declined to file charges against Plaintiff, the Defendant pretextually discharged Plaintiff.

17. In Plaintiff Yelverton's experience, Black UAA employees try to be unobtrusive and never complain about racial discrimination experienced on the job out of a well-founded fear of being fired by the UAA or blackballed, or both.

18. During his employment at the Defendant UAA, Plaintiff Yelverton was subjected to an open and obvious hostile work environment of overt racism as expressed by, and practiced by, Defendant's employees Laird Veatch, Jaime McCloskey, and Mike Ford.

19. During his employment at the Defendant UAA, Plaintiff Yelverton received no training from the Defendant regarding equal employment issues; and as a result, at all relevant times, Plaintiff Yelverton was not aware of the UAA's

formal procedures to initiate a complaint or grievance regarding racial discrimination.

## COUNT I:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

20.     Plaintiff Yelverton realleges and incorporates paragraphs 1-19, as set forth fully herein.

21.     Plaintiff Yelverton's race was the determining factor in Defendant UAA's decision to pay Plaintiff less then White employees holding comparable positions.

22.     Plaintiff Yelverton's race was the determining factor in Defendant UAA's decision to not promote Plaintiff.

23.     Plaintiff Yelverton's  race was the determining factor in Defendant UAA's decision to terminate Plaintiff.

24.     Defendant UAA knowingly and willfully discriminated against Plaintiff Yelverton on the basis of his race in violation of Title VII of the Civil Rights Act of 1964.

**WHEREFORE**, Plaintiff Yelverton demands a trial by jury and respectfully requests the following relief:

Entry of judgment in favor of Plaintiff Yelverton and against Defendant

UAA to include;

1. Back pay;

2. Reinstatement, or in the alternative, front pay;

3. Compensatory and punitive damages to include future pecuniary and non-pecuniary losses, including suffering, mental anguish, inconvenience, and loss of enjoyment of life.

4. Punitive damages for the Defendant's discriminatory practices "with malice or with reckless indifference to the federally protected rights of an aggrieved individual."

5. Attorneys fees and costs; and,

6. Such other relief as this court deems just and proper.

Respectfully submitted,

/s/ N. Albert Bacharach, Jr.
N. Albert Bacharach, Jr.
Florida Bar No.: 209783
Attorney for Plaintiff Yelverton
N. Albert Bacharach, Jr., P.A.
4128 NW 13th Street
Gainesville, FL 32609-1807
352-378-9859 FAX: 352-338-1858
E-Mail: courtdocuments@nabjr.com
N.A.Bacharach@att.net